IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOHNNIE JOHNSON, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| RALPH KERSEY, Scotland County Sheriff in his official capacity, MITCHELL WOODS in his individual capacity, MICHAEL WOODS in his individual capacity, and JOHN DOE, as SURETY, | ) ) ) ) ) ) ) ) | 1:20CV251 |
| Defendants. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon a motion to dismiss by Defendants Mitchell Woods and Michael Woods (hereafter "Defendants," unless otherwise indicated) pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), (5) and (6). (Docket Entry 12.) Plaintiff filed a response (Docket Entries 20, 21), and Defendants filed a reply (Docket Entry 22). For the following reasons, the undersigned will recommend granting Defendants' motion.

## I. BACKGROUND

On October 15, 2019, Plaintiff filed form AOC-CV-101, *Application and Order Extending Time to File Complaint*, in Scotland County Superior Court. (*See* Docket Entry 1-2.)[1] The form briefly alleges that he was "choked and beat in the head" by Mitchell and Michael Woods at

---

[1] There is an additional form AOC-CV-101 filed with the Scotland County Superior Court that appears on the docket bearing the same essential information and the same case number. (*See* Docket Entry 1-3.) Both documents were signed by the clerk on October 16, 2019. (*See id.*; Docket Entry 1-2.) It is unclear to the undersigned why duplicate orders were issued and which one constitutes the operative order.

1

Scotland County Detention Center on October 16, 2016. (*Id.*) The ensuing order (the lower half of the same form) signed by the Scotland County Clerk of Court, granted Plaintiff until November 4, 2019 to file his complaint. (*Id.*) On October 16, 2019, the Clerk also issued form AOC-CV-102, *Civil Summons to be Served with Order Extending Time to File Complaint*, which names Defendants Mitchell and Michael Woods but does not list their addresses.[2] (*See* Docket Entry 21-1.) Plaintiff then filed his complaint in Scotland County Superior Court on November 4, 2019 raising a Section 1983 claim for cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments and North Carolina state law claims for battery, intentional infliction of emotional distress, and negligent infliction of emotional distress. (*See generally* Compl., Docket Entry 1-4.) The complaint names Mitchell Woods, Michael Woods, Scotland County Sheriff Ralph Kersey, and surety Zurich American Insurance Company as Defendants. (*Id.*) Civil summonses for all four Defendants were issued by the Clerk on that same day. (*See* Docket Entries 1-6, 1-7.)

Having not effectuated service upon any of the Defendants within the time required by North Carolina law, Plaintiff apparently obtained an alias and pluries ("A&P") summons[3] on January 13, 2020.[4] (*See* Docket Entry 21 at 2.) Plaintiff filed an amended complaint on February 10, 2019. (Am. Compl., Docket Entries 1-9, 4 (renaming the surety as John Doe).)

---

[2] The summons also names as Defendants Scotland County Detention Center and the Scotland County Sheriff's Department and does provide addresses for these two entities. (*Id.*)

[3] As will be discussed at length herein, in North Carolina a plaintiff who needs more time to effectuate service upon a defendant may obtain an alias and pluries summons within 90 days of the date of issuance of the preceding summons to keep the action alive until service can be made. *See* N.C. R. Civ. P. 4(d)(1); *Roshelli v. Sperry*, 291 S.E.2d 355, 356 (N.C. Ct. App. 1982).

[4] There does not appear to be a copy of this summons on the docket. However, the docket does include copies of subsequent alias and pluries summonses obtained by Plaintiff for these Defendants that refer back to the January 13, 2020 alias and pluries summons. (*See* Docket Entries 13-1, 21-2.)

Defendant Sheriff Kersey was served with process on February 18, 2020 and removed the case to this Court on March 17, 2020. (*See generally* Docket Entry 1.)

Because Defendants Mitchell and Michael Woods had still not been served, Plaintiff obtained another A&P summons on May 26, 2020, which refers back to the November 4, 2019 summons and the January 13, 2020 A&P summons. (Docket Entry 13-1.) Defendants were personally served with the May 26, 2020 A&P summons and a copy of the complaint on August 17, 2020. (*See* Docket Entry 11.) Plaintiff then obtained another A&P summons on August 20, 2020, which refers back to the three prior summonses. (Docket Entry 21-2.) Defendants filed the foregoing motion to dismiss on September 4, 2020. (Docket Entry 12.) On October 1, 2020, Defendants were served with the August 20, 2020 A&P summons and a copy of the complaint. (Docket Entries 18, 19.) Plaintiff thereafter filed a response to Defendants' motion to dismiss. (Docket Entries 20, 21.) Defendants then filed a reply. (Docket Entry 22.)

## II. STANDARDS OF REVIEW

Defendants move to dismiss Plaintiff's action against them pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), (5), and (6). (Docket Entry 12, 13.)

### A. Rules 12(b)(2), 12(b)(4), and 12(b)(5)

A defendant may seek dismissal of a complaint because the court lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). In a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "the plaintiff bears the burden [of] making a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009). Additionally, under

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), a defendant may seek dismissal for insufficient process and insufficient service of process, respectively. Fed. R. Civ. P. 12(b)(4), (5). When a defendant moves to dismiss under Rule 12(b)(4) or Rule 12(b)(5), the plaintiff has the burden of establishing that the process was sufficient, and that service of process was valid. *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003). Where a plaintiff does not effectuate "valid service of process, the district court [is] without jurisdiction of the defendant . . . ." *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

### B. Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (1999). A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.*; *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (citations and quotations omitted). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a

4

plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557).

A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . ." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8 does not, however, unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Fair notice is provided by setting forth enough facts for the complaint to be "plausible on its face" and "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Id.* at 555 (internal citations omitted). "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416, U.S. 232, 236 (1974)).

## III. ANALYSIS

Defendants make two arguments in support of their motion to dismiss: 1) Plaintiff failed to timely serve Defendants; and 2) Plaintiff's claims are time-barred. (*See generally* Docket Entry 13.) As an initial matter, because Defendants were not served until August 17, 2020 (several months after this case was removed from state court), the Federal Rules of Civil Procedure determine the sufficiency of process. *See Wallace v. Cmty. Radiology,* No. CIV.A. 1:09-0511, 2011 WL 4596694, at *3 (S.D.W. Va. Sept. 30, 2011) ("After removal, attempts to serve process are governed by Federal Rule of Civil Procedure 4.") (citing Fed. R. Civ. P.

5

81(c)(1)). Federal Rule of Civil Procedure 4 provides that service may be effectuated by "following the state law for serving a summons." Fed. R. Civ. P. 4(e)(1).

Pursuant to North Carolina Rule of Civil Procedure 4, service of a summons must occur within 60 days of its issuance. N.C. R. Civ. P. 4(c). If a plaintiff fails to timely serve the summons, the summons "becomes dormant and unservable." *Dozier v. Crandall*, 411 S.E.2d 635, 636 (N.C. Ct. App. 1992). However, a plaintiff may obtain an alias and pluries ("A&P") summons which will revive the summons and "keep the action alive until service can be made." *Roshelli v. Sperry*, 291 S.E.2d 355, 356 (N.C. Ct. App. 1982). An A&P summons may be obtained "at any time within 90 days after the date of issue of the last preceding summons." N.C. R. Civ. P. 4(d)(1). Thus, a plaintiff may keep an action alive by timely obtaining sequential A&P summonses, and "[a]s long as this chain of summonses is maintained, the service of summons will relate back to the original date of issuance." *In re Adoption of Searle*, 327 S.E.2d 315, 318 (N.C. Ct. App. 1985) (citing *Williams v. Bray,* 159 S.E.2d 556 (N.C. 1968)). However, to relate back to the first date of issuance, an A&P summons must "contain a reference in its body 'to indicate its alleged relation to the original.'" *Integon Gen. Ins. Co. v. Martin*, 490 S.E.2d 242, 244 (N.C. Ct. 1997) (citing *Mintz v. Frink*, 6 S.E.2d 804, 806 (N.C. 1940)). "The issuance of an [A&P] summons without this reference has the double effect of initiating a new action and discontinuing the original one." *Id.* With these principles in mind, the Court turns to Defendants' arguments.

### A. Failure to timely serve Defendants

In their initial brief, Defendants argue that Plaintiff failed to timely serve them because they did not receive the A&P summons issued on May 26, 2020 within 60 days thereafter.

6

(Docket Entry 13 at 10.) Rather, Defendants were served with that summons on August 17, 2020, 83 days after the summons was issued. (*Id.* at 3.) As a result, Defendants argue that this Court does not have personal jurisdiction over them because "[a]bsent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." (*Id.* at 7, 10 (quoting *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998).)

However, Plaintiff obtained *another* A&P summons on August 20, 2020. (Docket Entry 21-2.) This A&P summons and a copy of the complaint was served upon Defendants on October 1, 2020, approximately one month after Defendants filed their foregoing motion to dismiss. (Docket Entries 18, 19.) In his response, therefore, Plaintiff argues that the May 26, 2020 summons "was revived" when he obtained the August 20, 2020 A&P summons, which was timely served upon Defendants 42 days after its issuance, thus rendering Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), and (5) moot. (Docket Entry 21 at 2.)

In their reply, Defendants do not acknowledge the October 1, 2020 service of the August 20, 2020 A&P summons or otherwise respond to Plaintiff's argument that such service moots three of the grounds for Defendants' motion to dismiss. (*See generally* Docket Entry 22.) Rather, Defendants dedicate their reply to expanding on their second argument that Plaintiff's action is time-barred. (*Id.*) The Court agrees with Plaintiff that Defendants were timely and properly served on October 1, 2020 pursuant to North Carolina law, 42 days after the issuance of the August 20, 2020 A&P summons. Thus, this Court has personal jurisdiction over Defendants, and the Court should decline to grant their motion to dismiss pursuant to

7

Federal Rules of Civil Procedure 12(b)(2), (4), and (5). However, as explained below, Defendants' motion should be granted pursuant to Rule 12(b)(6).

B. <u>Application of the statute of limitations</u>

Second, Defendants argue that Plaintiff's claim is time-barred by the statute of limitations that applies in this case. (*See* Docket Entry 13 at 10-15.) The undersigned agrees but notes that as an initial matter, "[g]enerally, an affirmative defense that a complaint is barred by a statute of limitations may not form the basis of Rule 12(b)(6) dismissal unless all of the facts necessary for the defense appear on the face of the complaint." *Morrison v. George E.B. Holding*, No. 7:11-CV-168-BO, 2012 WL 1132787, at *3 (E.D.N.C. Apr. 4, 2012) (citing *Goodman v. Praxair*, Inc., 494 F.3d 458, 464 (2007)). "Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Am. Int'l Specialty Lines Ins. Co. v. A.T. Massey Coal Co.*, 628 F.Supp.2d 674, 678 (E.D. Va. 2009) (quoting *Witthohn v. Fed. Ins. Co.*, 164 Fed. Appx. 395, 396 (4th Cir. 2006)). "However, a court may still consider matters of public record and items appearing in the record of the case without converting the motion into a motion for summary judgment." *Shepard v. Lowe's Food Stores, Inc.*, No. 1:08CV679, 2009 WL 4738203, at *3 (M.D.N.C. Dec. 7, 2009; *see also United States Tobacco Coop. v. United States*, No. 5:18-CV-473-BO, 2019 WL 3729791, at *1 (E.D.N.C. Aug. 7, 2019), *reconsideration denied,* No. 5:18-CV-473-BO, 2019 WL 8323614 (E.D.N.C. Nov. 8, 2019) ("A court may also consider information in the public record when reviewing a motion to dismiss pursuant to Rule 12(b)(6).") (citing *Hall v. Virginia,* 385 F.3d 421, 424 n.3 (4th Cir. 2004)). Here, because the analysis of Defendants' statute of limitations argument relies exclusively on Plaintiff's

8

complaint and documents in the public record—namely, the summonses issued by the Scotland County Superior Court—the Court properly considers Defendants' argument.

Plaintiff's § 1983 claim and his North Carolina state law tort claims are all subject to a three-year statute of limitations. *See Wilson v. Garcia,* 471 U.S. 261, 276–80 (1985) (holding that, in section 1983 actions, state statute of limitations for personal injury applies); *Brooks v. City of Winston Salem,* 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations for personal injuries to § 1983 actions); N.C. Gen. Stat § 1–52 (establishing three-year statute of limitations for personal injury). Here, the alleged events giving rise to Plaintiff's claims occurred on October 16, 2016. (*See* Am. Compl. ¶¶ 15-36.) Thus, to comply with the statute of limitations, Plaintiff needed to have commenced his action on or before October 16, 2019.

Plaintiff correctly argues that he commenced an action on or before October 16, 2019 pursuant to North Carolina Rule of Civil Procedure 3. (Docket Entry 21 at 7 (citing N.C. R. Civ. P. 3(a).) North Carolina law provides that civil actions may be commenced in one of two ways: 1) by filing a complaint; or 2) by the issuance of a summons in addition to an order granting an extension of twenty days to file the complaint. N.C. Gen. Stat. Ann. 1A-1, Rule 3; *see also See Telesca v. SAS Inst. Inc.,* 133 N.C. App. 653, 655, 516 S.E.2d 397, 399 (1999) ("[A]n action is not commenced under the delayed service provision of Rule 3 until: (1) an application is made to the court for permission to file a complaint within twenty days; (2) the court enters an order granting that extension; and (3) a summons is issued pursuant to that order."). On October 15, 2019, the clerk of Scotland County Superior Court issued a summons for Plaintiff, along with an order extending Plaintiff's time to file his complaint, which effectively initiated

9

an action. (*See* Docket Entries 1-2, 21-2.) *See also Smith v. UNC Health Care Sys.,* No. 1:20-CV-52, 2021 WL 1146936, at *2 (M.D.N.C. Mar. 25, 2021) ("[Plaintiff] commenced the civil action on October 23, 2019, under North Carolina Rule 3, when the state court entered an order granting her application for an extension of time to file her complaint and the clerk issued a summons pursuant to that order.") However, Plaintiff did not serve Defendants with the October 15, 2019 summons within sixty days of its issuance.

Furthermore, Plaintiff did not refer back to this October 15, 2019 commencement date on the face of any of the subsequent summonses he obtained. (*See* Docket Entries 21-1, 13-1, 21-2.) As stated above, to relate back to the date of an original summons, a subsequent A&P summons must "contain a reference in its body" to the original summons. *Chisholm v. Epps*, No. 3:15CV291, 2015 WL 7721245, at *2 (W.D.N.C. Nov. 30, 2015). The summons issued on November 4, 2019 (the day Plaintiff filed his complaint) was not designated as an A&P summons and makes no reference whatsoever to the October 15, 2019 summons. (*See* Docket Entry 21-1.) The A&P summonses Plaintiff obtained on May 26, 2020 and August 20, 2020 (which were both served upon Defendants) specifically list November 4, 2019 as the "date [the] original summons [was] issued." (*See* Docket Entries 13-1, 21-2.)

In very similar circumstances, the North Carolina Court of Appeals affirmed the dismissal of a plaintiff's action because the plaintiff "failed to create 'an unbroken chain from the first summons to the time of actual service.'" *Robertson v. Price*, 652 S.E.2d 352, 355 (N.C. Ct. App. 2007) (Wynn, J.) (citing *Childress v. Forsyth Cty. Hosp. Auth., Inc.*, 319 S.E.2d 329, 331 (N.C. Ct. App. 1984)). Thus, Plaintiff's issuance of the November 4, 2019 summons and the subsequent A&P summonses without an indication of their relation to the original October

15, 2019 summons had "the double effect of initiating a new action and discontinuing the original one." *Integon Gen. Ins. Co.*, 490 S.E.2d at 244. The new and current action commenced on November 4, 2019 and was therefore outside of the three-year statute of limitations period.[5] *See Robertson,* 652 S.E.2d at 355. Accordingly, Plaintiff's action against Defendants is time-barred, and the undersigned recommends that Defendant's motion to dismiss be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## IV. CONCLUSION

**IT IS HEREBY RECOMMENDED** that the motion to dismiss filed by Defendants Mitchell Woods and Michael Woods (Docket Entry 12) be **GRANTED** pursuant to Federal Rule of Civil Procedure 12(b)(6) because the claims against these Defendants are time-barred**.**

_____
Joe L. Webster
United States Magistrate Judge

May 3, 2021
Durham, North Carolina

---

[5] Defendants argue in the alternative that Plaintiff's action against them should be deemed to have commenced on May 26, 2020 pursuant to North Carolina Rules of Civil Procedure 4(d) and (e). (Docket Entry 13 at 14.) Rule 4(d) requires that an A&P summons to be obtained within 90 days of the issuance of the preceding summons, and Rule 4(e) provides that a failure to do so discontinues the prior action such that any summons issued thereafter initiates a new action. N.C. R. Civ. P. 4(d), (e). Defendants point out that the A&P summons Plaintiff obtained on May 26, 2020 was issued more than 90 days after the preceding A&P summons, which was issued on January 13, 2020 (134 days later). (*Id.*) In response, however, Plaintiff explains that due to the Covid-19 pandemic, Chief Justice Beasley of the Supreme Court of North Carolina issued an order instructing that all papers to be filed and acts to be done in any state court proceeding between March 16, 2020 and June 1, 2020 would be considered timely if filed or done by June 1, 2020. (Docket Entry 21 at 2.) Plaintiff has attached a copy of Chief Justice Beasley's order (which is a matter of public record) as an exhibit to his brief. (*See* Docket Entry 21-4.) Thus, while Plaintiff's 90-day deadline for obtaining another A&P summons subsequent to the January 13, 2020 A&P summons would have been April 13, 2020, Chief Justice Beasley's order extended that deadline until June 1, 2020. Therefore, Plaintiff timely obtained another A&P summons on May 26, 2020 and his action did not recommence on that date.